# MEMORANDUM ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/20

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

**NATALI J.H. TODD**
MEMBER: NY & MA BAR

26 COURT STREET
SUITE 413
BROOKLYN, NY 11242-1134

Tel: 718-797-3055
Fax: 718-504-3900
E-mail: natali_todd@yahoo.com
www.natalitoddlawyer.com

March 27, 2020

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  U.S. v. Uillis Rosario Acosta, 19 Cr. 306 (GHW)
     Bail Modification Request for Curfew Hours

Dear Judge Woods:

I write on behalf of Mr. Acosta with the consent of Pre-Trial Services and the government to respectfully request that Mr. Acosta's bail conditions be modified to remove the home detention requirement and replace it with a curfew beginning at 7:00 a.m. until 8:00 p.m.

The new strain of coronavirus which causes COVID-19, has infected over 132,300 people, leading to at least 4,954 deaths worldwide.[1] On March 11, 2020, the World Health Organization officially classified COVID-19 as a pandemic.[2] Governor Cuomo declared a State of Emergency on March 7, 2020.[3] Mayor DiBlasio declared a State of Emergency in New York City on March 12. 2020, and banned gatherings of over 500 people.[4] New York City is now the epicenter of COVID-19.

The CDC has issued guidance that individuals at higher risk of contracting COVID-19 -

---

[1] *Coronavirus Map: Tracking the Spread of the Outbreak*, The New York Times (March 12, 2020), *at* https://nyti.ms/2U4kmud (updating regularly).
[2] *WHO Characterizes COVID-19 as a Pandemic*, World Health Organization (March 11, 2020) *at* https://bit.ly/2W8dwpS.
[3] *At Novel Coronavirus Briefing, Governor Cuomo Declares State of Emergency to Contain Spread of Virus*, New York State (March 11, 2020) *at* https://on.ny.gov/2TKzIoz.
[4] *DeBlasio Declares State of Emergency in NYC, and Large Gatherings Are Banned*, New York Times (March 12, 2020)

adults over 60 years old and people with chronic medical conditions such as lung disease, heart disease, and diabetes—take immediate preventative actions, including avoiding crowded areas and staying home as much as possible.[5]

In an attempt to reduce the prison population, a number of individuals who are at a high risk for COVID-19 are being released from prison, often on home detention with electronic monitoring. PTS has determined that given the circumstances, that Mr. Acosta is a suitable candidate for curfew.

We note that with the Mr. Acosta is the primary caretaker of his 10 and 13 year-old children who reside with him. Mr. Acosta resides with his cousin, Gleuris, her husband and their two children, one of whom is special needs. With curfew, Mr. Acosta will be able to assist his children more, without the need to wait for permission to take them to the doctor and to respond quickly in emergencies relating to their educational needs and teacher conferences. He is not a flight risk or a danger to society.

Counsel respectfully request a modification of Mr. Acosta's bail conditions to remove home detention and permit curfew hours between the hours of 7:00 a.m. to 8:00 p.m. Thank you for your consideration.

Respectfully,

*N. Todd*
Natali Todd, Esq.

cc: AUSA Cecilia Vogel (via E.C.F.)
    PTSO Joshua Rothman (via email)

---

Application denied without prejudice. The information presented in this letter does not currently justify a modification of the terms of Mr. Acosta's release. The Court requests the views of pre-trial services and the United States regarding this application. The Court also requests additional factual information regarding the rationale for this application. COVID-19 has led many schools to engage in distance learning and to undertake parent-teacher conferences by remote means, yet Mr. Acosta asserts that COVID-19 increases, rather than decreases, his need to leave the home, in particular for educational matters and teacher conferences. In an environment in which many people are being required to limit their mobility, the Court requests additional information regarding why COVID-19 suggests a need to increase that of Mr. Acosta. If this application is renewed, the Court requests a sworn affidavit to support the factual assertions in this letter to establish the stated increased need for Mr. Acosta to leave his home, in particular for his childrens' educational matters and parent-teacher conferences. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 70.

SO ORDERED
March 28, 2020

_____
GREGORY H. WOODS
United States District Judge

---

[5] *People at Risk for Serious Illness from COVID-19*, CDC (March 12, 2020) at https://bit.ly/2vgUt1P.