# MEMORANDUM ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/30/20___

LAW OFFICES OF
## NATALI J.H. TODD, P.C.

NATALI J.H. TODD
MEMBER: NY & MA BAR

26 COURT STREET
SUITE 413
BROOKLYN, NY 11242-1134

Tel:  718-797-3055
Fax: 718-504-3900
E-mail: natali_todd@yahoo.com
www.natalitoddlawyer.com

March 30, 2020

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     U.S. v. Uillis Rosario Acosta, 19 Cr. 306 (GHW)
        Bail Modification Request for Curfew Hours

Dear Judge Woods:

I write to supplement my request for modifying Mr. Acosta's bail request for curfew hours (see Doc. 71) with the consent of Pre-Trial Services and the government.

Mr. Acosta is the primary caretaker of his 10 and 13 year-old children who reside with him.  Mr. Acosta resides with his cousin, Gleuris Acosta, her husband and their two children, one of whom is special needs.  Over time during the pendency of this case, Mr. Acosta's children's grades have plummeted, they cry a lot at school, his son runs in circles during classes and throws tantrums.  His daughter cries a lot, has become withdrawn and distracted.  Up to the time of the coronavirus outbreak, there were 3-4 requests per week by their teachers to have an adult come to the school to calm them down. Sometimes Mr. Acosta was unable to go to the school at the required time because he required advanced notice from his pre-trial officer to leave the apartment.  Both teachers have since referred outside counseling for the children which began in March. The emotional toll on Mr. Acosta and his children is affecting the entire household.

Mr. Acosta suffers from severe panic attacks, where he feels he is unable to breathe and needs to get outside in open air.  Because he is unable to go outside, his blood pressure is elevated to 190-200 and the situation becomes a medical emergency.  911 is called and given his blood pressure levels, he is taken to the hospital on  multiple occasions until they can stabilize his levels.  His cousin Gleuris has gotten better at stabilizing him during his panic attacks but he gets them at least three times per week – usually an offshoot of what's going on his children.  His cousin is also overwhelmed in trying to provide all of the support and is not always able to because of her own special needs child and other issues that are ever present in families with

young children.  Probation has since permitted Mr. Acosta to go into the enclosed backyard to get air in an attempt to reduce his frequent panic attacks.

Since the onset of the Coronavirus, the school is closed.  However, because there is no computer in the home, Mr. Acosta must go to the school once or twice per week to pick up the education packets for the children within set times.  Ms. Gleuris Acosta's children and Mr. Acosta's  children attend different schools.  Given Mr. Acosta's home confinement, Ms. Acosta was picking up the packets for her children and Mr. Acosta's children, and is overwhelmed; having to take on the additional responsibility of Mr. Acosta's children.  Last week, Ms. Acosta became ill and on the doctor's orders, she is to remain at home.  Mr. Acosta was not able to pick up the education packet and the children are without the material to keep abreast of their school work. Additionally, due to the virus and no adult to take the children to counseling, they are no longer attending.  Furthermore, without Gleuris help who is now sick, there is no one to go to the supermarket or do any of the day to day activity that every family requires, particularly when there are young children that must be attended to.  Gleuris' husband is still employed and works long hours and is not at home.

We note that Mr. Acosta has remained compliant with his bail conditions since his arrest on March 27, 2019.  The PTS has reviewed Mr. Acosta's case and has determined that curfew monitoring is appropriated for him as he is not a danger to society and is not a flight risk. Counsel respectfully request a modification of Mr. Acosta's bail conditions to remove home detention and permit curfew hours between the hours of 7:00 a.m. to 8:00 p.m.  Thank you for your consideration.

Respectfully,

*N. Todd*
Natali Todd, Esq.

cc: AUSA Cecilia Vogel (via E.C.F.)
    PTSO Joshua Rothman (via email)

Application granted.  The conditions of Mr. Acosta's release are modified as follows:
the requirement imposing home detention is removed and replaced with a curfew
between the hours of 7:00 a.m. and 8:00 p.m., or as otherwise established by the pre-
trial services officer.  The remaining conditions of Mr. Acosta's release remain in
full force and effect.  The Clerk of Court is directed to close the motion pending at
Dkt. No. 72.
SO ORDERED
March 30, 2020     _____
                        GREGORY H. WOODS
                        United States District Judge