LAW OFFICE OF ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Phone: (212) 619-3730
Cell: (917) 741-1837
Fax: (212) 962-5037
anthonycecutti@gmail.com

**MEMORANDUM ENDORSED**

May 25, 2021

**BY ECF**
The Honorable Gregory H. Woods
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: United States v. Uillis Rosario-Acosta; 19 Cr. 306 (GHW)**

Dear Judge Woods:

    I represent Uillis Rosario-Acosta. Mr. Rosario-Acosta is at liberty and is scheduled to surrender on June 28, 2021. A condition of his bond is home detention with location monitoring. I write to respectfully request a temporary modification of Mr. Rosario-Acosta's bond, allowing him to travel to Providence, Rhode Island to visit with his girlfriend and young son from May 31, 2021 to June 7, 2021.

    As the Court may recall, Mr. Rosario-Acosta's girlfriend gave birth to their son last November in Providence, Rhode Island. With Pretrial Services' permission and the Court's approval, Mr. Rosario-Acosta traveled for the birth and stayed with his girlfriend and newborn son for one week. Although not subject to location monitoring because of travel outside his district of residence (New Jersey), he abided by all conditions of his release.

    As indicated, Mr. Rosario-Acosta is scheduled to surrender on June 28, 2021. He would like to visit with his girlfriend and young son in Providence, Rhode Island again for one week. Pretrial Services opposes the request. However, such objection is not based on any issues related to Mr. Rosario-Acosta's compliance with conditions of supervision. In fact, he has been in full compliance with all conditions of release. I have been informed by AUSA Cecilia Vogel that Pretrial Services generally opposes out of district travel for those subject to location monitoring because such individuals are unmonitored while away from the location monitoring base unit. Pretrial Services had previously consented to the prior request to travel to Providence, Rhode Island, as the birth of his child was an

"exceptional circumstance." The Government likewise opposes the instant request based on Pretrial Services' policy.[1]

The importance of Mr. Rosario-Acosta visiting with his young son and girlfriend cannot be overstated. Separation from them has been challenging. He has not spent time with them since last November, misses them dearly and would be grateful to the Court for an opportunity to do so with his other children prior to his surrender.

Thank you for your consideration.

Respectfully submitted,

/s/

Anthony Cecutti

cc: AUSA Cecilia Vogel

Application denied. The Court granted Mr. Rosario-Acosta's prior application to be present at the birth of his son. Dkt. No. 117. That situation justified a modification of the terms of the defendant's supervised release. Insufficient justification has been provided here. The conditions of Mr. Rosario-Acosta's supervised release do not prohibit his son and girlfriend from visiting him.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 132.

SO ORDERED.
Dated: May 28, 2021
New York, New York

GREGORY H. WOODS
United States District Judge

---

[1] If the Court approves this application, Pretrial Services requests that Mr. Rosario-Acosta be placed on GPS monitoring, although addressing any issues related to non-compliance with such monitoring promptly will be difficult.